**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-60725-KUNTZ/AUGUSTIN-BIRCH**

**VERA COLASANT,**

**Plaintiff,**

**v.**

**MSC CRUISES SA,**

**Defendant.**
______________________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**MOTION TO AMEND COMPLAINT**

This cause comes before the Court on Plaintiff Vera Colasant's Motion to Amend Complaint. DE 19. The Honorable Ed Artau, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation.[1] DE 21. The Court has carefully reviewed the Motion, Defendant MSC Cruises SA's Response [DE 20], Plaintiff's Reply [DE 22], the entire record, and is otherwise fully advised in the premises.

Plaintiff filed her Complaint on March 13, 2026. DE 1. Thereafter, on June 26, 2026, during Defendant's deposition of Plaintiff, Defendant showed CCTV footage of the incident central to the Complaint. DE 19 at 2. Considering this evidence, Plaintiff seeks to amend her Complaint to narrow certain factual allegations and claims. *Id.* at 3. Defendant opposes such amendment, arguing that (1) it would be prejudiced given that it has retained an expert to evaluate certain allegations that Plaintiff now seeks to eliminate, and (2) Plaintiff has acted in bad faith. DE 20 at 2, 4–7. Defendant further argues that the proposed amendment is futile. *Id.* at 8–9.

[1] The case was reassigned to the Honorable, Judge Jeffrey T. Kuntz, United States District Judge. DE 23.

Rule 15 of the Federal Rules of Civil Procedure provides that a court should "freely give leave to [amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on this rule, a movant generally should be granted leave to amend unless there is a reason for denying leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g.*, *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d. 1199, 1203 (S.D. Fla. 2013) (listing these considerations).

Here, Plaintiff's amended complaint seeks to narrow certain factual allegations previously made and remove one of the claims asserted against Defendant based on newly discovered evidence. *See* DE 19-1. As such, Plaintiff has met the lenient standard required by Rule 15. *See Glass v. Jackson Nat'l Life Ins. Co.*, No. 22-CV-80140-DMM, 2022 WL 22824892, at *2 (S.D. Fla. Nov. 18, 2022) (granting plaintiff leave to file second amended complaint, which dropped two counts and, therefore, narrowed the issues and promoted efficiency); *Mia Aesthetics Clinic, LLC v. Willis*, No. 1:22-CV-21900-KMM, 2022 WL 22854358, at *2 (S.D. Fla. Aug. 23, 2022) (granting plaintiff leave to file third amended complaint, which removed certain claims and narrowed the issues in the case).

The Court further notes that this would be Plaintiff's first amendment and that Plaintiff's Motion to Amend Complaint was filed prior to the deadline to amend pleadings. *See* DE 19 (Motion to Amend Complaint filed July 21, 2026); DE 16 (trial order setting September 10, 2026 deadline to amend pleadings). As such, the Court does not find Plaintiff's amendment to be dilatory, unduly prejudicial, or made in bad faith.

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Amend Complaint [DE 19] be **GRANTED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE