**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60725-JTK**

**VERA COLASANT**,

Plaintiff,

v.

**MSC CRUISES SA**,

Defendant,
________________________________/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Panayotta D. Augustin-Birch's Report and Recommendation on Plaintiff's Motion to Amend Complaint [ECF No. 26], entered on September 18, 2026. On August 7, 2026, Plaintiff Vera Colasant filed a Motion to Amend Complaint. [ECF No. 19]. This motion was referred by Judge Ed Artau to Magistrate Judge Augustin-Birch for Report and Recommendation. [ECF No. 21].

Upon reviewing Plaintiff's Motion, Judge Augustin-Birch issued the Report recommending that Plaintiff's Motion to Amend Complaint [ECF No. 19] be granted. Judge Augustin-Birch found that Plaintiff met the lenient standard required by Rule 15 because Plaintiff sought to narrow factual allegations and to remove one of the claims asserted based on newly discovered evidence. [ECF No. 26]. The Report also advised the parties that they had fourteen days upon receipt of a copy of the Report to object to it. *Id*.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition de novo. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the

Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Augustin-Birch's Report, and agrees with Judge Augustin-Birch's conclusion that Plaintiff's Motion to Amend Complaint be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 26] is **AFFIRMED AND ADOPTED** and Plaintiff's Motion to Amend Complaint [ECF No. 19] is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of October, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

Cc: counsel of record